

# In the Missouri Court of Appeals
## Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| J.R.M.-J., BY AND THROUGH HER NEXT FRIEND, S.J., and S.J., INDIVIDUALLY, | ) ) ) ) | No. ED111017 |
| Respondents, | ) ) ) | Appeal from the Circuit Court of St. Louis County |
| v. | ) ) | Cause No. 16SL-DR01741-02 |
| R.T.M., | ) ) | Honorable Margaret T. Donnelly |
| Appellant. | ) | Filed: September 12, 2023 |

R.T.M ("Mother") appeals the circuit court's judgment awarding S.J. ("Father") sole physical and legal custody of J.R.M.-J. ("Child"). Mother also challenges the circuit court's award of attorney's fees. The judgment of the circuit court is affirmed.

### Factual and Procedural Background

In 2017, the circuit court entered an amended paternity judgment granting Father and Mother joint physical custody of Child and awarding Father sole legal custody. In 2019, Mother made a hotline call to Children's Division, alleging that Father had sexually abused Child. Children's Division investigated and closed the case as unsubstantiated. In 2020, Father filed a motion to modify the paternity judgment, requesting that Mother only be allowed supervised visitation with Child. Father alleged that unsupervised visitation would endanger Child's

physical health and impair Child's emotional development because Mother made false sexual abuse allegations against Father, refused to cooperate with the Children's Division investigation of the abuse claim, and frequently violated terms of the 2017 judgment. Mother filed a counter motion to modify, requesting sole legal and physical custody of Child and additional child support. Mother alleged a substantial change of circumstances due to Father's investigation for abuse, his frequent travel resulting in Child being left in the care of older siblings, and Father's attempts to alienate Child's affections.

At a settlement conference with the court in January 2021, Father complained that Mother repeatedly failed to transfer custody at the location required by the 2017 judgment. The circuit court subsequently issued an order reiterating that custody exchanges must take place at the location mandated by the 2017 judgment.

In February 2021, Father filed his first amended motion to modify the paternity judgment. The only material change between Father's amended motion and his previous 2020 motion was the addition of a request for amended child support. Father subsequently filed a motion to enforce the 2017 judgment and the 2021 order, and he requested sanctions against Mother.

The circuit court held a trial over three separate days in July and September 2021. The circuit court considered testimony from both Mother and Father related to the sexual abuse hotline call. Mother explained her motivation for placing the call and Father testified that there was no legitimate basis for the call. Additionally, the circuit court considered the report of the Children's Division caseworker, who did not find sexual abuse had occurred. The circuit court reviewed Child's medical records which included visits Mother initiated for minimal issues such as a cough and superficial abrasion. The medical records also indicate Child's pediatrician

instructed Mother not to ask leading questions about Child's body. The circuit court considered Child's school attendance record and the head of Child's school testified that Child was often tardy when in Mother's care. Finally, psychological evaluations of both Mother and Father were admitted into evidence.

The circuit court entered a judgment of modification granting Father sole legal and physical custody of Child and eliminating Father's obligation to pay child support. The circuit court found that Mother was responsible for Child's tardiness at school on 43 occasions in a single school year. The circuit court specifically noted "Mother's lack of appreciation for the importance of having [Child] at school on time and her unwillingness to accept any responsibility for the tardiness." The court also found that "Mother abuse[d] …. the health care system by exaggerating the health conditions of the child, refusing to listen to and follow the instructions of the health care providers and attempting to use the complaints to accuse Father of poor care or abuse." The circuit court stated that Mother's "interference makes it harder for coordinated care and is part of Mother's abuse of the health care system to serve her own needs." Additionally, the circuit court found that Mother's actions regarding the 2019 Children's Division hotline call "demonstrated [Mother's] poor judgment as a parent and her hostility toward Father." Mother failed to schedule a child advocacy center interview as directed by Children's Division and instead returned the child to Father's custody. As a result of Mother's failure to cooperate, Child was placed in foster care for six weeks.

In the August 2022 judgment of modification, the circuit court found that Mother repeatedly violated the 2017 judgment by arriving late for exchanges and refusing to bring Child to the mandated exchange location even after the court's order. Additionally, the circuit court noted that Mother refused to communicate with Father through the communication application

3

required by the judgment and had fifty unopened messages in the application. The circuit court concluded that Father should be granted sole legal and physical custody of the child. The circuit court granted Mother visitation and adjusted the visitation schedule to allow Mother one evening each week and every other weekend with Child. In addition to granting Father custody, the circuit court found that the modified custodial schedule did not justify Father paying child support to Mother and terminated Father's child support obligation. Finally, because Mother "disobeyed" court orders and "contributed to more protracted litigation" the circuit court awarded Father attorney's fees and denied Mother's request that Father pay her attorney's fees.

In September 2022, Father filed a motion to amend the August 2022 judgment. In the motion, Father claimed that Mother failed repeatedly to appear on time to exchange Child after the August 2022 judgment was entered and requested the assistance of law enforcement in transferring custody. Other than the request for law enforcement assistance with custody transfers, Father requested no other changes to the August 2022 judgment. Mother filed a motion to amend the August 2022 judgment to grant her sole legal and physical custody, or in the alternative, for new trial. Mother claimed the August judgment was based on outdated evidence and the circuit court did not consider the relationship between Child and her half-sibling. On October 28, 2022, the circuit court heard the motions and modified the judgment, sustaining Father's motion to modify and overruling Mother's. The circuit court added a provision requiring law enforcement to assist with custody transfers but made no other substantive changes to the August 2022 judgment. Mother appeals.

**Standard of Review**

This Court will affirm the circuit court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law.

4

*Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The circuit court's judgment is unsupported by substantial evidence when there is no evidence in the record tending to prove a fact that is necessary to sustain the judgment as a matter of law. *Ivie v. Smith*, 439 S.W.3d 189, 206 (Mo. banc 2014). This Court views the evidence in the light most favorable to the circuit court's judgment and defers to the circuit court's credibility determinations. *Id*. Further, this Court accepts as true the evidence and inferences favorable to the circuit court's judgment and disregards all contrary evidence. *Watson v. Mense*, 298 S.W.3d 521, 526 (Mo. banc 2009).[1]

**Analysis**

Mother argues that the circuit court erred in three ways: (1) the child custody and child support determinations were against the weight of the evidence due to the circuit court's reliance on stale evidence, (2) the circuit court's findings as to Child's relationship with her half-sister, the hotline call, and Child's tardiness were against the weight of the evidence; and, (3) the circuit court abused its discretion by denying Mother attorney's fees and granting Father attorney's fees.

*Custody: Stale Evidence*

Mother first argues that the circuit court erred in awarding sole physical custody to Father because the evidence supporting the judgment had gone stale based on the eleven-month delay between the time of trial and the time of the judgment. She claims that the child custody determination was based on two issues, Child's frequent tardiness from school and Mother

---

[1] Mother's brief does not comply with Rule 84.04. Specifically, each of her points relied on claims that the circuit court's judgment was against the weight of the evidence and the weight of the law. Because these points assert two claims of error, they are improperly multifarious. *Ivie*, 439 S.W.3d at 199 n.11. Additionally, we do not review claims for the "weight of the law." Presumably, Mother's points assert that the circuit court either erroneously applied or erroneously declared the law. Because we are able to ascertain Mother's arguments and because Father has not sought dismissal of the appeal, we have exercised our discretion to review the merits of Mother's non-compliant brief. Appellate counsel should take note of Rule 84.04(d) and the appropriate standards of review.

5

initiating a Children's Division hotline call against Father. Mother claims the evidence related to these two topics was stale because the evidence the parties' presented in September 2021 did not accurately reflect the circumstances of the parties at the time of the October 2022 judgment.

There are few reported cases in which this Court has found that a circuit court erred in entering a judgment on stale evidence. In those that have, this Court has generally found that, due to the lapse in time between the date of trial and the date of the judgment, the evidence has lost its character as "substantial evidence." *Courtney v. Courtney*, 458 S.W.3d 462, 473 (Mo. App. 2015). These cases make clear that evidence does not become stale merely due to the passage of time, but rather because the evidence is of a type that is subject to meaningful change, such that a significant delay after its introduction may render the evidence no longer accurate. *Id.*

Our opinion in *Courtney v. Courtney*, on which Mother relies, is a good example of the type of evidence that may go stale. In *Courtney*, the circuit court entered a judgment modifying custody between two parents based, in large part, on the father's alcohol abuse. *Id.* at 472. Between the trial and the judgment, approximately seventeen months had passed. *Id.* Father appealed the judgment, arguing that the lapse in time prevented the circuit court from making a judgment based on the parents' current situations. *Id.* This Court agreed, holding that the circuit court "lacked any recent or current evidence relating to Father's alcohol abuse, and its effect on the best interest of the children." *Id.* at 473. As a result, the circuit court "was no longer able to accurately determine whether its modification served the best interests of the children because of the substantial time that had lapsed from the taking of evidence to the entry of judgment." *Id*. at 472-73. Because the circumstances related to the father's alcohol abuse were no longer knowable to the circuit court, this Court held that the custody modification was not supported by substantial evidence. *Id*. at 473.

6

Mother's case, is not like *Courtney*. First, the circuit court here did not modify custody based on an alleged abuse of alcohol or any other reason that was subject to meaningful change. Instead, the circuit court relied on a variety of evidence, including Mother's abuse of the health care system, interference with the coordination of Child's health care, refusal to follow the 2017 amended judgment, and refusal to cooperate with the subsequent investigation resulting from Mother's hotline call. The circuit court also found that Mother frequently interfered with Child's relationship with Father and with Father's custody time. In other words, the circuit court found that Mother systematically attempted to destroy the relationship between Father and Child. Even were Mother able to demonstrate that Child had been tardy to school less frequently and Mother had not been involved in any additional unsubstantiated hotline calls since the time of trial, such a finding would not undermine the circuit court's judgment. The numerous other bases for the judgment of modification would still be supported by substantial evidence. Moreover, the fact that these things had occurred were enough to support the judgment. The fact that they are no longer occurring is not relevant to the judgment, unlike the father's alcohol abuse in *Courtney*.

Additionally, Mother has not demonstrated that she was prejudiced by the timing of the Court's judgment. The record does not reflect any attempt by Mother to reopen the evidence or to present evidence of substantially changed circumstances. And, as Mother's counsel acknowledged during arguments, to the extent the current circumstances differ from those on which the judgment is based, Mother may file a new motion to modify.

Because the circuit court relied on varied evidence to render its judgment, and the evidence Mother attacked as stale is not subject to change, the circuit court's ruling was based on substantial evidence. The circuit court did not err in entering the judgment of modification.

*Custody: Weight of Evidence*

Mother next argues that the circuit court's judgment of modification was against the weight of the evidence. The primary consideration in determining custody is the best interests of the child. Section 452.375.2, RSMo Supp. 2018.[2] Section 452.375.2 provides eight non-exclusive factors for circuit courts to consider in assessing the best interest of the child. *O.H.B. by next friend S.M.B. v. L.Y.S.*, 665 S.W.3d 329, 332 (Mo. App. 2023). Mother challenges the circuit court's findings on three of the factors in § 452.375.2. First, Mother alleges the circuit court overlooked Child's relationship with her half-sibling. Second, mother challenges the circuit court's findings that Child's tardiness was problematic and that Mother placed the Children's Division hotline call to harm Father. Mother alleges all three of these findings were against the weight of the evidence.

To successfully challenge the weight of the evidence, Mother must demonstrate that the circuit court "could not have reasonably found, from the record at trial, the existence of a fact necessary to sustain the judgment." *Ivie*, 439 S.W.3d at 206. Where there are "two reasonable but different conclusions" based on the evidence, this Court will defer to the circuit court's finding. *Id*. A challenge to the weight of the evidence requires Mother to comply with a four-part analytical framework. Under this framework she must:

> (1) identify a challenged factual proposition, the existence of which is necessary to sustain the judgment;

> (2) identify all of the favorable evidence in the record supporting the existence of that proposition;

[2] All statutory references are to RSMo 2016, unless otherwise indicated.

(3) identify the evidence in the record contrary to the belief of that proposition, resolving all conflicts in testimony in accordance with the trial court's credibility determinations, whether explicit or implicit; and,

(4) demonstrate why the favorable evidence, along with the reasonable inferences drawn from that evidence, is so lacking in probative value, when considered in the context of the totality of the evidence, that it fails to induce belief in that proposition.

*O.H.B.*, 665 S.W.3d at 333 (quoting *Wille v. Curators of Univ. of Mo.*, 627 S.W.3d 56, 66 (Mo. App. 2021)). An argument that does not comply with this framework fails. *Id.* at 333-34.

Under this framework Mother must first identify a challenged factual proposition. But, Mother has raised no challenged proposition related to Child's relationship with her half-sibling. Mother argues the circuit court "basically overlooked" the close relationship between Child and her half-sister. But, the circuit court specifically noted in its judgment that "Father has older children and [Child] has a younger sibling at Mother's. These relationships seem important to [Child]." In fact, the circuit court and Mother reached the same conclusion, Child has an important relationship with her half-sibling. Mother fails to challenge a factual proposition because Mother supports the very finding the circuit court made.

Mother next challenges the circuit court's findings that Child's frequent tardiness was problematic and Mother's abuse and neglect call was made to harm Father. Both of these points comply with the first step of the framework by challenging a factual proposition made by the circuit court. But, Mother fails to satisfy the second step of the framework by neglecting to cite favorable evidence in the record supporting the circuit court's findings as to tardiness and the hotline call. Mother argues that "[t]here is simply no support for many of the findings of the [circuit] court." Upon this Court's review of the record there is support for each of the challenged findings. Mother failed to cite evidence favorable to the circuit court's judgment such as Child being tardy on 43 occasions in a school year, the head of Child's school speaking with

9

Mother in an attempt to remedy the tardiness, Child's pediatrician instructing Mother not to ask leading questions to Child about her body, and Mother's refusal to cooperate with the Children's Division abuse investigation. Mother only identifies the evidence not credited by the circuit court.

An-against-the-weight of the evidence challenge that does not cite the favorable evidence to the court's judgment fails. *Wille*, 627 S.W.3d at 68. "This Court, as a neutral arbiter, will not parse the record to make an appellant's argument." *O.H.B.*, 665 S.W.3d at 333. Mother first argument failed to identify a challenged factual proposition in the circuit court's judgment. Mother then failed to cite favorable evidence supporting the circuit court's findings related to tardiness and the hotline call. All of Mother's arguments missed critical steps of the framework that are necessary in order for this Court to analyze her claims. Therefore, Mother failed to demonstrate the circuit court "could not have reasonably found, from the record at trial, the existence of a fact necessary to sustain the judgment." *Ivie*, 439 S.W.3d at 206.

*Child Support*

Mother claims that the circuit court's termination of her child support was against the weight of the evidence. Additionally, she contends that any determination of child support was based on stale evidence because the financial information presented to the trial court was nearly a year old at the time judgment was handed down and her financial circumstances had changed.

Underlying these claims is Mother's allegation the circuit court should not have awarded Father sole custody. Because the circuit court did not err in awarding Father sole physical custody, the circuit court could not have erred in eliminating Father's child support obligation. Accordingly, the circuit court would have no need to assess Mother's financial situation at the time of the judgment as opposed to at the time of the hearings.

10

*Denial of Attorney's Fees*

Finally, Mother challenges the circuit court's award of attorney's fees to Father and the denial of the award to her. In determining attorney's fees under § 452.355.1 circuit courts may consider "any relevant factors including … the conduct of the parties." *Fowler v. Fowler*, 504 S.W.3d 790, 803 (Mo. App. 2016). Absent an abuse of discretion, this Court will not reverse the trial court's determination of attorney's fees. *Id*. To show abuse of discretion Mother must prove "the trial court's decision was against the logic of the circumstances or was so arbitrary and unreasonable as to shock one's sense of justice." *Id*.

Mother argues that Father raised the issues that took the longest time to address, and therefore, Father should pay her attorney's fees. But Mother's behavior caused these issues to occur. Mother called the Children's Division hotline and brought Child to school late 43 times while under her care. Because Mother's behavior was the underlying cause of these issues, the circuit court denied Mother's request for attorney's fees and ordered her to pay Father. The circuit court specifically noted that Mother's "behavior contributed to more protracted litigation." The circuit court did not abuse its discretion in considering Mother's behavior in its determination of attorney's fees.

## Conclusion

For the foregoing reasons, the judgment of the circuit court is affirmed.

John P. Torbitzky, Judge

11

Thomas C. Clark II, P.J. and
James M. Dowd, J., concur.